## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Wall Street Plaza
88 Pine Street, 24th Floor
New York, NY 10005
(212) 483-9490
Attorneys for Defendant/Third Party Plaintiff,
National Grange Mutual Insurance Company

| | |
|---|---|
| CYAN CONTRACTING CORPORATION and LEONARD O'CONNOR,<br><br>        Plaintiffs,<br><br>    v.<br><br>NATIONAL GRANGE MUTUAL INSURANCE COMPANY,<br><br>        Defendant/ Third Party Plaintiff,<br><br>    v.<br><br>SANDRA O'CONNOR,<br><br>        Third Party Defendant. | Civil Action No. 07-cv-3749<br><br><br><br><br><br><br><br>**ANSWER TO COMPLAINT, COUNTERCLAIM AND THIRD PARTY COMPLAINT** |

## ANSWER

National Grange Mutual Insurance Company (hereinafter referred to as "Defendant"), through its attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLP, by way of Answer to the Complaint, says:

## JURISDICTION AND VENUE

1.      The allegations contained in Paragraph One of the Complaint contain legal

conclusions to which the Defendant need not respond. To the extent that the allegations contained in Paragraph One of the Complaint contain factual allegations directed at Defendant, they are denied, except that it is admitted that Defendant is domiciled in the State of Florida.

2.     The allegations contained in Paragraph Two of the Complaint contain legal conclusions to which the Defendant need not respond. To the extent that the allegations contained in Paragraph Two of the Complaint contain factual allegations directed at Defendant, they are denied.

<u>PARTIES</u>

3.     Defendant is without knowledge or sufficient information with which to admit or deny the allegations contained in Paragraph Three of the Complaint and therefore denies them.

4.     Defendant is without knowledge or sufficient information with which to admit or deny the allegations contained in Paragraph Four of the Complaint and therefore denies them.

5.     Defendant admits the allegations contained in Paragraph Five of the Complaint.

<u>BACKGROUND</u>

6.     In regard to the allegations contained in Paragraph Six of the Complaint, Defendant admits only that Plaintiff, Cyan Contracting Corporation ("Cyan") entered into contracts with the New York State Dormitory Authority ("DASNY") and begs leave to refer to the contracts for an accurate statement of their terms and conditions. To the extent the remaining allegations are directed at Defendant, they are denied.

7.     In regard to the allegations contained in Paragraph Seven of the Complaint, Defendant admits only that Cyan entered into contracts with DASNY and begs leave to refer to the contracts for an accurate statement of their terms and conditions. To the extent the remaining allegations are directed at Defendant, they are denied.

8.      In regard to the allegations contained in Paragraph Eight of the Complaint, Defendant admits only that it issued certain bonds to Cyan and begs leave to refer to the bonds for an accurate statement of their terms and conditions.  To the extent the remaining allegations are directed at Defendant, they are denied.

9.      In regard to the allegations contained in Paragraph Nine of the Complaint, Defendant admits that Cyan and its indemnitors executed an Agreement of Indemnity in favor of Defendant, and begs leave to refer to the Agreement of Indemnity for an accurate statement of its terms and conditions.

<u>CAUSE OF ACTION #1</u>

10.     Defendant repeats and incorporates Paragraphs One through Nine of this Answer as if fully set forth at length herein.

11.     In regard to the allegations contained in Paragraph Eleven of the Complaint, Defendant admits only that it corresponded with DASNY on March 13, 2006 and begs leave to refer to that correspondence for its content.  To the extent the remaining allegations are directed at Defendant, they are denied.

12.     Defendant is without knowledge or sufficient information with which to admit or deny the allegations contained in Paragraph Twelve of the Complaint and therefore denies them.

13.     Defendant is without knowledge or sufficient information with which to admit or deny the allegations contained in Paragraph Thirteen of the Complaint and therefore denies them.

14.     Defendant denies the allegations contained in Paragraph Fourteen of the Complaint.

15.     Defendant is without knowledge or sufficient information with which to admit or deny the allegations contained in Paragraph Fifteen of the Complaint and therefore denies them.

16.    In regard to the allegations contained in Paragraph Sixteen of the Complaint, Defendant admits only that Cyan's contract with DASNY for the DNA Laboratory Project was terminated.  To the extent the remaining allegations are directed at Defendant, they are denied.

17.    In regard to the allegations contained in Paragraph Seventeen of the Complaint, Defendant admits only that it entered into agreements with DASNY and Cyan for the DNA Laboratory Project and begs leave to refer to the agreements for an accurate statement of their terms and conditions.  To the extent the remaining allegations are directed at Defendant, they are denied.

18.    Defendant denies the allegations contained in Paragraph Eighteen of the Complaint.

19.    Defendant denies the allegations contained in Paragraph Nineteen of the Complaint.

20.    Defendant denies the allegations contained in Paragraph Twenty (a) through (h) of the Complaint.

21.    Defendant denies the allegations contained in Paragraph Twenty-One of the Complaint.

22.    In regard to the allegations contained in Paragraph Twenty-Two of the Complaint, Defendant admits only that it corresponded with DASNY in August, 2006, and begs leave to refer to that correspondence for its content.  To the extent the remaining allegations are directed at Defendant, they are denied.

23.    Defendant denies the allegations contained in Paragraph Twenty-Three of the Complaint.

<u>CAUSE OF ACTION #2</u>

24.    Defendant repeats and incorporates Paragraphs One through Twenty-Three of this Answer as if fully set forth at length herein.

25.    The allegations contained in Paragraph Twenty-Five of the Complaint contain legal conclusions to which the Defendant need not respond.  To the extent that the allegations contained in Paragraph Twenty-Five of the Complaint contain factual allegations directed at Defendant, they are denied.

26.    Defendant denies the allegations contained in Paragraph Twenty-Six of the Complaint.

27.    In regard to the allegations contained in Paragraph Twenty-Seven of the Complaint, Defendant admits only that the respective agreements speak for themselves and Defendant begs leave to refer to the agreements for an accurate statement of their terms and conditions.  To the extent the remaining allegations are directed at Defendant, they are denied.

28.    Defendant denies the allegations contained in Paragraph Twenty-Eight of the Complaint.

29.    Defendant denies the allegations contained in Paragraph Twenty-Nine of the Complaint.

<u>CAUSE OF ACTION #3</u>

30.    Defendant repeats and incorporates Paragraphs One through Twenty-Nine of this Answer as if fully set forth at length herein.

31.    Defendant denies the allegations contained in Paragraph Thirty-One of the Complaint.

32.    In regard to the allegations contained in Paragraph Thirty-Two of the Complaint,

Defendant admits only that it retained Integrated Construction Management, Inc. ("ICM") to be Defendant's Authorized Representative with respect to Cyan and the DASNY Projects. To the extent the remaining allegations are directed at Defendant, they are denied.

33.     Defendant denies the allegations contained in Paragraph Thirty-Three of the Complaint.

34.     Defendant denies the allegations contained in Paragraph Thirty-Four of the Complaint.

35.     Defendant denies the allegations contained in Paragraph Thirty-Five of the Complaint.

36.     Defendant denies the allegations contained in Paragraph Thirty-Six of the Complaint.

37.     Defendant denies the allegations contained in Paragraph Thirty-Seven of the Complaint.

38.     The allegations contained in Paragraph Thirty-Eight of the Complaint contain legal conclusions to which the Defendant need not respond. To the extent that the allegations contained in Paragraph Thirty-Eight of the Complaint contain factual allegations directed at Defendant, they are denied.

39.     Defendant denies the allegations contained in Paragraph Thirty-Nine of the Complaint.

<u>CAUSE OF ACTION #4</u>

40.     Defendant repeats and incorporates Paragraphs One through Thirty-Nine of this Answer as if fully set forth at length herein.

41.     In regard to the allegations contained in Paragraph Forty-One of the Complaint,

Defendant admits only that it paid a payment bond claim asserted by Power and Process Control, Inc. To the extent the remaining allegations are directed at Defendant, they are denied.

42.    Defendant denies the allegations contained in Paragraph Forty-Two of the Complaint.

43.    In regard to the allegations contained in Paragraph Forty-Three of the Complaint, Defendant admits only that the Agreement of Indemnity speaks for itself and Defendant begs leave to refer to the Agreement of Indemnity for an accurate statement of its terms and conditions. To the extent the remaining allegations are directed at Defendant, they are denied.

44.    Defendant denies the allegations contained in Paragraph Forty-Four of the Complaint.

<u>CAUSE OF ACTION #5</u>

45.    Defendant repeats and incorporates Paragraphs One through Forty-Four of this Answer as if fully set forth at length herein.

46.    Defendant denies the allegations contained in Paragraph Forty-Six of the Complaint.

47.    Defendant denies the allegations contained in Paragraph Forty-Seven of the Complaint.

48.    Defendant denies the allegations contained in Paragraph Forty-Eight of the Complaint.

49.    In regard to the allegations contained in Paragraph Forty-Nine of the Complaint same do not contain allegations to which a response is required.

WHEREFORE, National Grange Mutual Insurance Company denies that Cyan Contracting Corporation and Leonard O'Connor are entitled to any relief sought in the

Complaint and demand judgment dismissing the entire Complaint against National Grange Mutual Insurance Company, with prejudice, in addition to attorneys' fees, litigation expenses, costs of suit and other such relief in favor of National Grange Mutual Insurance Company and against Cyan Contracting Corporation and Leonard O'Connor, as the Court may deem just and proper.

AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred for failing to state a claim against Defendant upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or diminished by the terms of the bonds, the Agreement of Indemnity and other agreements, and/or the doctrines of estoppel, release and laches.

THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims must be dismissed against Defendant by reason of waiver.

FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are barred by the applicable statute of limitations.

FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims must be dismissed against Defendant because Plaintiffs failed to mitigate their damages.

SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are barred or limited by the failure of Plaintiffs to comply with statutory and/or contractual conditions precedent to bringing this action.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims must be dismissed against Defendant because Plaintiffs are estopped by their conduct from bringing this action.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because of nonperformance and/or insufficiency of performance of their contractual obligations.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for tortious interference of contract is barred, in whole or in part, because of the "economic interest" defense.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by payment, by accord and satisfaction, and/or by release.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant expressly reserves all of its rights, whether at law or equity, to amend its Answer to the Complaint to assert any additional separate defense or to assert any affirmative claim against any party or non-party during or upon the completion of investigation and discovery.

## COUNTERCLAIM AND THIRD-PARTY COMPLAINT

National Grange Mutual Insurance Company (hereinafter referred to as "NGM"), through its attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLP, by way of Counterclaim against Plaintiffs, Cyan Contracting Corporation ("Cyan") and Leonard O'Connor, individually, and Third-Party Complaint against Sandra O'Connor, individually (collectively with Leonard O'Connor, the "O'Connors" and collectively with Leonard O'Connor and Cyan, the "Indemnitors"), upon information and belief alleges as follows:

## THE PARTIES

1.      NGM is a corporation organized and existing by virtue of the laws of the State of Florida, having its principal place of business at 4601 Touchton Road East, Suite 3400, Jacksonville, FL 32246.

2.      Cyan is a corporation organized and existing by virtue of the laws of the State of New York, having its principal place of business at 150-03 14th Road, 2nd Floor, Whitestone, New York 11357.

3.      Upon information and belief, at all relevant times Leonard O'Connor and Sandra O'Connor maintain residences at 350 Paddock Way, Mattituck, New York and/or 151-05 Cross Island Parkway, Whitestone, New York 11357.

## JURISDICTION

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that this is an action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## FIRST COUNT
(Contractual Indemnification)

5.      NGM repeats and realleges Paragraphs 1 through 4 of the Counterclaim/Third-Party Complaint with the same force and effect as if set forth at length herein.

6.      On or about February 18, 2003, in consideration for and in order to induce NGM, as surety, to issue bonds on behalf of Cyan, as principal, the Indemnitors executed and delivered an Agreement of Indemnity (the "Indemnity Agreement") in favor of NGM.

7.      Following the Indemnitors' execution of the Indemnity Agreement, Cyan entered into certain construction contracts with the Dormitory Authority of the State of New York ("DASNY") for which NGM issued certain payment and performance bonds.

8. On or about May 10, 2006, NGM and the Indemnitors entered into an agreement (the "May 10, 2006 Agreement").

9. On or about August 26, 2006, Cyan's contract with DASNY for the DNA Laboratory Project was terminated.

10. As a direct and proximate result of the termination of Cyan's contract on the DNA Laboratory Project, DASNY made a demand against the applicable performance bond.

11. On or about September 27, 2006, NGM and Cyan entered into a completion agreement (the "Completion Contract") whereby Cyan agreed, among other things, to complete its work on the DNA Laboratory Project.

12. Pursuant to the Completion Contract, Cyan and Leonard O'Connor re-affirmed their joint and several indemnity obligations to NGM pursuant to the Indemnity Agreement and the May 10, 2006 Agreement.

13. The Indemnitors have failed to honor their obligations under the Indemnity Agreement, the May 10, 2006 Agreement and/or the Completion Contract, and are in breach of the Indemnity Agreement, the May 10, 2006 Agreement and/or the Completion Contract.

14. As a direct and/or proximate result of the Indemnitors' breach, NGM has been damaged, and NGM has incurred substantial unreimbursed losses, costs and expenses.

15. NGM will incur additional losses as well as further costs and expenses in connection with bonds that it issued to Cyan.

WHEREFORE, National Grange Mutual Insurance Company demands judgment against Cyan Contracting Corporation, Leonard O'Connor, individually, and Sandra O'Connor, individually, jointly and severally:

a. for damages, together with appropriate interest thereon;

b.      for an order declaring each of the Indemnitors jointly and severally liable to NGM for all loss, costs, expense, and attorneys' fees incurred or to be incurred by NGM as a result of its having executed the bonds;

c.      for an order compelling the Indemnitors to perform their obligations to NGM under the Indemnity Agreement and the bonds;

d.      for an order directing the Indemnitors to place with NGM collateral in the form of money, property, liens or security interests in property, as determined by NGM to be ample collateral security for its outstanding obligations under the bonds;

e.      for an order compelling the Indemnitors to furnish NGM with any and all information concerning the obligations incurred in connection with any contract for which NGM issued bonds (the "Bonded Contracts");

f.      for an order compelling the Indemnitors to permit NGM to examine and copy the books, records and accounts of the Indemnitors; and

g.      for reasonable attorneys' fees, cost of suit, and any other relief that the Court deems just and proper.

## SECOND COUNT
(Subrogation)

16.    NGM repeats and realleges Paragraphs 1 through 15 of the Counterclaim/Third-Party Complaint with the same force and effect as if set forth at length herein.

17.    As a result of having executed the Bonds, NGM has satisfied, and may continue to satisfy claims against the bonds in connection with the Bonded Contracts.

18.    To the extent that NGM has made, or will make, payments to extinguish debts arising from the Bonded Contracts, NGM has, and will, become subrogated to the rights of others who have, will have, or have had, claims against Cyan in connection with the Bonded Contracts.

WHEREFORE, National Grange Mutual Insurance Company demands judgment against Cyan Contracting Corporation, Leonard O'Connor, individually, and Sandra O'Connor, individually, jointly and severally:

a.    for damages in an amount equal to any payments made by NGM to discharge Indemnitors' debts and obligations incurred in connection with the Bonded Contracts;

b.    for an order declaring the Indemnitors liable to NGM in an amount equal to any further payments that NGM becomes obligated to make pursuant to its obligations under the bonds, together with appropriate interest thereon; and

c.    for reasonable attorneys' fees, cost of suit, and any other relief that the Court deems just and proper.

## THIRD COUNT
(Common Law Indemnification)

19.    NGM repeats and realleges Paragraphs 1 through 18 of the Counterclaim/Third-Party Complaint with the same force and effect as if set forth at length herein.

20.    As between NGM and the Indemnitors, NGM is secondarily obligated, while the Indemnitors are primarily obligated, and the Indemnitors owe a duty to NGM to procure the discharge of all obligations arising from the bonds.

21.    NGM is entitled to be indemnified by the Indemnitors for any and all loss incurred under the bonds.

22.    The Indemnitors have failed to honor their obligations arising from the bonds, resulting in significant damages to NGM.

WHEREFORE, National Grange Mutual Insurance Company demands judgment against Cyan Contracting Corporation, Leonard O'Connor, individually, and Sandra O'Connor, individually, jointly and severally:

a.    for damages in an amount sufficient to indemnify NGM from any and all liability, cost and expense incurred as a result of its having executed the bonds, together with appropriate interest thereon;

b.    for an order declaring the Indemnitors liable to NGM for any and all liability, loss, cost, expense, and attorneys' fees incurred or to be incurred by NGM as a result of its having executed the bonds; and

c.    for reasonable attorneys' fees, cost of suit, and any other relief that the Court deems just and proper.

FOURTH COUNT
(Exoneration)

23.    NGM repeats and realleges Paragraphs 1 through 22 of the Counterclaim/Third-Party Complaint with the same force and effect as if set forth at length herein.

24.    The Indemnitors are primarily obligated to satisfy all obligations arising from the bonds.

25.    NGM has satisfied its obligations and is exposed to further liability as a result of having executed the bonds.

26.    NGM is entitled to be exonerated by the Indemnitors against and from any and all liability or loss arising from the bonds.

27.    The Indemnitors have failed to honor their obligations arising from the bonds resulting in significant damages to NGM.

WHEREFORE, National Grange Mutual Insurance Company demands judgment against Cyan Contracting Corporation, Leonard O'Connor, individually, and Sandra O'Connor, individually, jointly and severally:

a.    for an order compelling the Indemnitors to indemnify and exonerate NGM against and from any and all liability or loss arising from the bonds;

b.    for an order declaring the Indemnitors liable to NGM for any and all liability, loss, cost, expense, or attorneys' fees incurred or to be incurred by NGM as a result of its having executed the bonds;

c.    for an order compelling the Indemnitors to perform their obligations under the Bonded Contracts and the bonds; and

d.    for reasonable attorneys' fees, cost of suit, and any other relief that the Court deems just and proper.

FIFTH COUNT
(Trust Fund Violations and Accounting)

28.    NGM repeats and realleges Paragraphs 1 through 27 of the Counterclaim/Third-Party Complaint with the same force and effect as if set forth at length herein.

29.    All of the Bonded Contracts' funds are and were trust funds either by operation of contract or by operation of law, or both.

15

30.    On information and belief, the Indemnitors breached their fiduciary duties because they received money or proceeds under the Bonded Contracts and failed to use such money or other proceeds for the purposes of performing the Bonded Contracts and discharging the obligation(s) of those performing under the Bonded Contracts.

31.    As a result of the Indemnitors' breach of their trust fund obligations, NGM has been damaged.

WHEREFORE, National Grange Mutual Insurance Company demands judgment against Cyan Contracting Corporation, Leonard O'Connor, individually, and Sandra O'Connor, individually, jointly and severally:

a.    for subrogation in an amount equal to any trust funds that the Indemnitors fail to pay;

b.    for an order compelling the Indemnitors to account for all funds received by them or any of them on the Bonded Contracts;

c.    for an order compelling each Indemnitor to perform his or her obligations to NGM under the Indemnity Agreement and the bonds;

d.    for damages, together with appropriate interest thereon;

e.    for an order compelling the Indemnitors to furnish NGM with any and all information concerning the obligations incurred in connection with the Bonded Contracts;

f.    for an order compelling the Indemnitors to permit NGM to examine and copy the books, records and accounts of the Indemnitors; and

g.    for reasonable attorneys' fees, costs of suit and other relief that the Court deems just and proper.

McELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
Attorneys for Defendant and Third Party Plaintiff,
National Grange Mutual Insurance Company


By:    /s Scott A. Levin
        Scott A. Levin (SL-9041)
        Adam R. Schwartz (ARS-8831)
        Wall Street Plaza
        88 Pine Street, 24th Floor
        New York, NY 10005
        (212) 483-9490

Dated: New York, New York
      June 29, 2007

To:    Karl Silverberg, Esq. (KS-3075)
      King & King, LLP
      27-12 37th Avenue
      Long Island City, New York 11101
      (718) 896-6554