UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

CYAN CONTRACTING CORPORATION
and LEONARD O'CONNOR

                  Plaintiffs,

     - against -

NATIONAL GRANGE MUTUAL
INSURANCE COMPANY

              Defendant/Third Party Plaintiff,

     - against -

SANDRA O'CONNOR

              Third Party Defendant.
-------------------------------------------------------------X

Civil Action No. 07-CIV-3749

Judge Gerard E. Lynch

Magistrate Judge James C. Francis

**REPLY TO COUNTERCLAIM
AND ANSWER TO
THIRD-PARTY COMPLAINT**

    Plaintiffs Cyan Contracting Corporation ("Cyan") and Leonard O'Connor ("O'Connor"), by their attorneys, King & King LLP, for their reply to defendant National Grange Mutual Insurance Company's ("National's") counterclaim, and third-party defendant Sandra O'Connor by her attorneys, King & King LLP, for her answer to National's third-party complaint (collectively Cyan, O'Connor, and Sandra O'Connor, without admitting any indemnity obligations, hereafter referred to as the "Indemnitors"), Indemnitors respond as follows:

1. As and for its response to the allegations set forth in paragraph 1, Indemnitors lack knowledge and information sufficient to form a belief as to the truth of the averment.

2. As and for its response to the allegations set forth in paragraph 2, Indemnitors admit the allegations.

3. As and for its response to the allegations set forth in paragraph 3, O'Connor resides at 350 Padduck Way, Mattituck, New York, but Sandra O'Connor resides in Queens

County, New York.

4. As and for its response to the allegations set forth in paragraph 4, Indemnitors state that the allegations assert a question of law but otherwise admit the allegations.

5. As and for its response to the allegations set forth in paragraph 5, Indemnitors state that the allegations do not call for a response and therefore Indemnitors lack knowledge and information sufficient to form a belief as to the truth of the averment.

6. As and for its response to the allegations set forth in paragraph 6, Indemnitors admit that they entered into an indemnity agreement with National but state that the indemnity agreement speaks for itself and deny the remaining allegations therein.

7. As and for its response to the allegations set forth in paragraph 7, Indemnitors admit that Cyan entered into certain construction contracts with the Dormitory Authority of the State of New York ("DASNY") for which National provided payment and performance bonds, but state that such contracts and bonds speak for themselves and deny the remaining allegations therein.

8. As and for its response to the allegations set forth in paragraph 8, Cyan and O'Connor admit that they entered in to an agreement with National in May 2006, but state that National misrepresented the facts surrounding the circumstances of such agreement, that the agreement speaks for itself, and deny the remaining allegations therein. Sandra O'Connor states that the May 2006 agreement speaks for itself.

9. As and for its response to the allegations set forth in paragraph 9, Indemnitors state that such termination was a mutually agreed to termination, that the terms of the termination speak for itself, and deny the remaining allegations therein.

10. As and for its response to the allegations set forth in paragraph 10, Indemnitors lack

knowledge and information sufficient to form a belief as to the truth of the averment.

11. As and for its response to the allegations set forth in paragraph 11, Indemnitors admit that Cyan entered into a completion agreement in or around September 2006 with National to complete the DNA Laboratory project but state that such agreement speaks for itself, and deny the remaining allegations therein.

12. As and for its response to the allegations set forth in paragraph 12, Indemnitors admit that Cyan and O'Connor reaffirmed their indemnity obligations but state that the agreement speaks for itself, and deny the remaining allegations therein.

13. As and for its response to the allegations set forth in paragraph 13, Indemnitors deny the allegations therein.

14. As and for its response to the allegations set forth in paragraph 14, Indemnitors deny the allegations therein.

15. As and for its response to the allegations set forth in paragraph 15, Indemnitors deny the allegations therein.

16. As and for its response to the allegations set forth in paragraph 16, Indemnitors state that the allegations do not call for a response and therefore Indemnitors lack knowledge and information sufficient to form a belief as to the truth of the averment.

17. As and for its response to the allegations set forth in paragraph 17, Indemnitors state that National has paid bond claimants in bad faith and/or without justification, and Indemnitors lack knowledge and information sufficient to form a belief as to the truth of the remaining averments therein.

18. As and for its response to the allegations set forth in paragraph 18, Indemnitors state that the allegations assert a question of law that requires no response, and Indemnitors

lack knowledge and information sufficient to form a belief as to the truth of the averment.

19. As and for its response to the allegations set forth in paragraph 19, Indemnitors state that the allegations do not call for a response and therefore Indemnitors lack knowledge and information sufficient to form a belief as to the truth of the averment.

20. As and for its response to the allegations set forth in paragraph 20, Indemnitors state that the allegations assert a question of law that requires no response, and Indemnitors lack knowledge and information sufficient to form a belief as to the truth of the averment.

21. As and for its response to the allegations set forth in paragraph 21, Indemnitors state that the allegations assert a question of law that requires no response, that the parties' various agreements speak for themselves, and Indemnitors lack knowledge and information sufficient to form a belief as to the truth of the averment.

22. As and for its response to the allegations set forth in paragraph 22, Indemnitors deny the allegations therein.

23. As and for its response to the allegations set forth in paragraph 23, Indemnitors state that the allegations do not call for a response and therefore Indemnitors lack knowledge and information sufficient to form a belief as to the truth of the averment.

24. As and for its response to the allegations set forth in paragraph 24, Indemnitors state that the allegations assert a question of law that requires no response, that the parties' various agreements speak for themselves, and Indemnitors lack knowledge and information sufficient to form a belief as to the truth of the averment.

25. As and for its response to the allegations set forth in paragraph 25, Indemnitors state

that the allegations assert a question of law that requires no response, that the parties'
various agreements speak for themselves, and Indemnitors lack knowledge and
information sufficient to form a belief as to the truth of the averment.

26. As and for its response to the allegations set forth in paragraph 26, Indemnitors state
that the allegations assert a question of law that requires no response, that the parties'
various agreements speak for themselves, and Indemnitors lack knowledge and
information sufficient to form a belief as to the truth of the averment.

27. As and for its response to the allegations set forth in paragraph 27, Indemnitors deny
the allegations therein.

28. As and for its response to the allegations set forth in paragraph 28, Indemnitors state
that the allegations do not call for a response and therefore Indemnitors lack
knowledge and information sufficient to form a belief as to the truth of the averment.

29. As and for its response to the allegations set forth in paragraph 29, Indemnitors state
that the allegations assert a question of law that requires no response.

30. As and for its response to the allegations set forth in paragraph 30, Indemnitors deny
the allegations therein.

31. As and for its response to the allegations set forth in paragraph 31, Indemnitors deny
the allegations therein.

### AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

32. National has failed to state a claim upon which relief can be granted.

### AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

33. National has failed to state a claim for which relief can be granted by virtue of
estoppel, laches, waiver, and/or unclean hands.

## AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

34. Any damages sustained by the National were occasioned in whole or in part by

National's own errors, breach of contract, neglect and/or omissions.

## AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE

35. National failed to mitigate damages.

**WHEREFORE,** Indemnitors respectfully requests that this Court enter judgment dismissing

National's counterclaim and third-party complaint in all respects and granting Indemnitors

judgment as follows:

(a) Dismissing the counterclaim and third-party complaint; and,

(b) Such other and further relief as this Court may deem proper.


Dated: July 26, 2007
          Long Island City, N.Y.

                                        KING & KING, LLP

                                        By:      /s/ Karl Silverberg
                                                 Karl Silverberg, Esq.  (KS3075)

                                        *Attorneys for Plaintiffs*
                                        *Cyan Contracting Corporation and*
                                        *Leonard O'Connor and Third-Party*
                                        *Defendant Sandra O'Connor*

                                        27-12 37th Avenue
                                        Long Island City, N.Y. 11101
                                        (718) 896-6554
                                        Fax: (718) 275-5081
                                        ksilverberg@king-king-law.com

Civil Action No. 07-cv-3749
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CYAN CONTRACTING CORPORATION
and LEONARD O'CONNOR

       Plaintiffs,

  - against -

NATIONAL GRANGE MUTUAL
INSURANCE COMPANY

       Defendant/Third Party Plaintiff,

  - against -

SANDRA O'CONNOR

       Third Party Defendant.

---

## REPLY AND ANSWER TO THIRD-PARTY COMPLAINT

---

LAW OFFICES
**KING & KING LLP**
**27 - 12  Thirty-seventh  Avenue**
**Long Island City,  N.Y. 11101**
**718-896-6554**
**Fax 718-275-5081**
**e-mail: ksilverberg@king-king-law.com**
