UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CYAN CONTRACTING CORPORATION
and LEONARD O'CONNOR                                Civil Action No. 07-CIV-3749

      Plaintiffs,                                 Judge Lewis A. Kaplan

  - against -                                          Magistrate Henry B. Pitman

NATIONAL GRANGE MUTUAL
INSURANCE COMPANY                                   **AMENDED COMPLAINT**

      Defendant/Third Party Plaintiff,

  - against -

SANDRA O'CONNOR

      Third Party Defendant.
------------------------------------------------------------X

      Plaintiffs Cyan Contracting Corporation ("Cyan") and Leonard O'Connor ("O'Connor"), by its attorneys, King & King LLP, for its amended complaint against defendant National Grange Mutual Insurance Company ("National") allege as follows:

**Jurisdiction and Venue**

      1.  Subject matter jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332, as Cyan and O'Connor are citizens of New York and National is a citizen of Florida, and the sum in controversy, exclusive of interest and costs, exceeds $75,000.

      2.  Venue is proper under 28 U.S.C. § 1391(a)(1) & (2) because defendant is subject to personal jurisdiction in this judicial district and therefore resides in this district, and a substantial part of the events giving rise to the claim occurred in this venue.

## Parties

3. Cyan is a New York Corporation in the construction business, with its principal place of business at 150-03 14th Road, 2nd Floor, Whitestone, New York 11357.

4. O'Connor is Cyan's president and sole shareholder, and resides in New York State.

5. Upon information and belief, defendant National is a Florida corporation in the business of insurance and surety, with its principal place of business located at 4601 Touchton Road East, Jacksonville, Florida.

## Background

6. Cyan entered into several contracts with the New York State Dormitory Authority ("DASNY"), including the following projects:

    a. Contract No. 93708 OS, Bellevue Hospital – DNA Laboratory
    b. Contract No. 83700 OS, Bellevue Hospital – Site Utilities
    c. Contract No. 92456 OS, Bellevue Hospital – 10th, 16th, 17th Floor renovation
    d. Contract No. 97178 OS, Bellevue Hospital – Infrastructure
    e. Contract No. 81052 OS, Queens Supreme Court

7. Pursuant to Cyan's contract with DASNY, Cyan was required to obtain surety bonds, including performance and payment bonds, for each contract.

8. Cyan procured these required bonds from National by paying National a premium.

9. As a further condition to National's issuance of the bonds, Cyan and O'Connor in his individual capacity signed an indemnity agreement with National whereby Cyan and O'Connor agreed to indemnify National for certain losses, if any, National incurs on Cyan's behalf (the "Indemnity Agreement").

## Cause of Action #1
## National's Tortious Interference with an Cyan's Contract
## Due to National's Request to Stop Further Payment
## on the DNA Laboratory Project

10. Cyan repeats and realleges all allegations in all previous paragraphs as if fully set forth herein.

11. By letter dated March 13, 2006, National requested that DASNY hold all further payments to Cyan on all DASNY contracts including Contract No. 93708 OS, Bellevue Hospital – DNA Laboratory ("DNA Laboratory Project"), with which request DASNY complied.

12. At this time, the only project with significant on-going work was the DNA Laboratory Project, as the other projects were essentially substantially complete.

13. National's request that DASNY freeze payments to Cyan caused Cyan's operating cash flow to cease and forced Cyan to mitigate its losses and suspend almost all business operations.

14. National's actions caused an approximately 12-week delay on the DNA Laboratory Project.

15. Because of the 12-week delay and because Cyan could not effectively perform its contractual obligations for DNA Laboratory Project without payment from DASNY, DASNY threatened to terminate for default Cyan's contract for DNA Laboratory Project.

16. On or about August 25, 2006, Cyan and DASNY entered into a mutually agreed termination for the DNA Laboratory Project (the "Mutual Termination").

17. National took over the DNA Laboratory Project by entering into a takeover agreement with DASNY (the "Takeover Agreement"), and National contracted with Cyan as the completion contractor (the "Completion Contract").

18. National's request to DASNY to freeze payments to Cyan was improper because National had no right to interfere in such a way with Cyan's contract with DASNY.

19. Further, National's request to DASNY to freeze payments to Cyan was improper because Cyan had a right to perform its work with the expectation that the funds earned would first be due to New York State Lien Law Article 3-A trust fund claimants such as laborers, subcontractors, and material suppliers, without interference by National.

20. As a direct result of National's improper request to freeze Cyan's funds on the DNA Laboratory Project, Cyan has been damaged by:

  a. Incurring additional contract performance costs for the time before the Mutual Termination;

  b. Incurring additional insurance premiums and license fees;

  c. Forcing Cyan to enter into the Mutual Termination whereby Cyan lost its profits on the unfinished work for the DNA Laboratory Project;

  d. Incurring legal fees and other costs in connection with the Mutual Termination;

  e. Loss of good will and reputation with respect to Bellevue Hospital, other entities, and with respect to Cyan's ability to bid other public projects because of the Mutual Termination and because of National's acts;

  f. Through the Takeover Agreement with DASNY, National has improperly appropriated to itself the retainage due and owing Cyan for work Cyan performed prior to the Mutual Termination, which amount is approximately $109,500, without providing Cyan an accounting of National's losses so as justify such an appropriation;

    g. Cyan and O'Connor are subject to potential indemnity claims under the Indemnity Agreement by National because of the increased cost to finish the DNA Laboratory Project after the Mutual Termination, which increased work is due among other reasons to Cyan having to work around the finished work of other trades, for which indemnification Cyan denies responsibility; and,

    h. Cyan and O'Connor are subject to potential indemnity claims under the Indemnity Agreement by National for losses National incurred to finish the DNA Laboratory Project because of National's mismanagement of the DNA Laboratory Project under the Takeover Agreement, for which indemnification Cyan denies responsibility.

21. National's actions constitute tortuous interference with an existing contract under New York State law because:

    a. Cyan had a valid contract with DASNY for the DNA Laboratory Project;

    b. National knew of that contract;

    c. National's actions intentionally led to DASNY unjustifiably withholding contract funds, a breach of contract by DASNY; and,

    d. Cyan incurred damages resulting from DASNY withholding contract funds as described above.

22. On or about August 2006, National requested that DASNY hold all payments from Cyan on all projects, with which request DASNY complied, resulting in similar damages.

23. Because of National's unjustifiable and unreasonable actions, National has damaged Cyan in an amount to be determined at trial, including punitive damages for National's willful, intentional, and grossly negligent conduct, which damages are in excess of $1 million dollars.

**Cause of Action #2**
**National's Breach of the Surety Contract**
**Due to National's Request to Stop Further Payment**
**on the DNA Laboratory Project and other Events**

24. Cyan repeats and realleges all allegations in all previous paragraphs as if fully set forth herein.

25. As a result of National's writing surety bonds on Cyan's behalf, a tripartite contract was formed with National as the obligor, DASNY as the obligee, and Cyan as the principal (the "Surety Contract").

26. As described above, National improperly requested that DASNY hold all further payments to Cyan on all DASNY contracts including the ongoing DNA Laboratory Project, with which request DASNY complied, resulting in damages to Cyan.

27. Additionally, National also agreed in a May 2006 written agreement and in a September 2006 written agreement that it would use its best efforts to cooperate with Cyan and DASNY to obtain the release of Cyan's retainage from DASNY.

28. National failed to make its best efforts and Cyan has been damaged accordingly.

29. National's actions constitute breach of the Surety Contract and breach of other agreements, for which National has damaged Cyan in an amount to be determined at trial, which damages are in excess of $1 million dollars.

**Cause of Action #3**
**National's Failure to Promptly Pay on the Completion Contract**
**for the DNA Laboratory Project**

30. Cyan repeats and realleges all allegations in all previous paragraphs as if fully set forth herein.

31. Under the terms of the Completion Contract between Cyan and National, National agreed to pay Cyan in accordance with the provisions of the original DNA Laboratory Project

contract between Cyan and DASNY and any applicable provisions of any regulations or law governing that contract.

32. National hired Integrated Construction Management, Inc. ("ICM") to manage, on National's behalf, the Takeover Contract and the Completion Contract for DNA Laboratory Project.

33. As of February 2007, Cyan had submitted payment requests with supporting documentation to National and/or ICM totaling over $50,000 for work Cyan performed, for which National has not made any payment.

34. As of April 2007, Cyan had submitted payment requests with supporting documentation to National and/or ICM totaling over $16,000 for work Cyan performed, for which National has not made any payment.

35. Cyan is also due in excess of $300,000 for change order work Cyan performed under the Completion Contract for the DNA Laboratory Project.

36. National has failed to promptly pay materialmen and suppliers of the DNA Laboratory Project, which actions are harming Cyan's credit rating with such entities.

37. ICM is contacting Cyan employees who do not have authority to speak for Cyan to have such personnel perform work that Cyan has not authorized, which actions are damaging Cyan.

38. Under New York General Business Law, Article 35-E, § 756 *et seq.*, sometimes referred to as the New York Prompt Pay Act, Cyan is entitled to interest on the amount due at the rate of one percent per month and/or as set forth in GBL § 756 *et seq*.

39. As a result of National's actions above, National has breached its contractual obligations to Cyan, for which Cyan has been damaged in an amount to be determined at trial, but not less than $366,000.

### Cause of Action #4
### National's Unjustified Settlement of the Power & Process Bond Claim

40. Cyan repeats and realleges all allegations in all previous paragraphs as if fully set forth herein.

41. Power and Process Control, Inc. ("Power & Process"), a subcontractor to Cyan on Contract No. 97178 OS, Bellevue Hospital – Infrastructure, made a claim against Cyan's payment bond for which National paid Power & Process a sum of $107,500.

42. National made this payment without consulting Cyan to determine if there was a good faith basis for Power & Process' claim or whether Cyan had justifiable defenses or offsets.

43. Under the Indemnity Agreement, Cyan is only liable to National for "disbursements made in good faith."

44. Because National acted unreasonably under the Surety Contract by paying Power & Process' bond claim, and because Cyan has a good faith defense to Power & Process' claim, National's payment to Power & Process was unjustified, thereby damaging Cyan in the amount of $107,500.

### Cause of Action #5
### Demand for an Accounting

45. Cyan repeats and realleges all allegations in all previous paragraphs as if fully set forth herein.

46. On Contract No. 97178 OS, Bellevue Hospital – Infrastructure ("Infrastructure Project"), National has failed to provide required documentation to reduce retainage owed by

DASNY to Cyan, claiming National has incurred losses, yet providing no support for such alleged losses.

47. On the DNA Laboratory Project, in the Takeover Agreement between National and DASNY, National has improperly appropriated to itself the retainage due and owing Cyan for work Cyan performed prior to the Mutual Termination, which amount is approximately $109,500, without providing Cyan an accounting of National's losses so as justify such an appropriation.

48. On the DNA Laboratory Project, Cyan is exposed to potential indemnity claims under the Indemnity Agreement due to National's improper actions.

49. Cyan demands an accounting of the above matters, and an accounting of all losses claimed by National.

### Cause of Action #6
### Foreclosure on Mechanic's Lien

50. Cyan repeats and realleges all allegations in all previous paragraphs as if fully set forth herein.

51. Cyan filed a public improvement lien dated April 27, 2007, in the amount of $66,000, against funds due National from DASNY (the "Lien").

52. The Lien was sent certified mail to DASNY and the New York State Comptroller's office for filing in the lien book.

53. Such lien was filed before the end of thirty days after the project's acceptance and completion.

54. The Lien was duly served upon National.

55. The Lien has not been canceled or otherwise discharged.

56. No other action at law or equity other than the present action has been brought

regarding the Lien or the amount owed thereon.

57. That by virtue of the foregoing, the Cyan should receive the proceeds so held under the Lien and should additionally receive interest on the amount and the costs and disbursements of this action.

58. That to the extent any amount remains uncollected from the proceeds of the Lien, that Cyan receive a judgment against National in the amount of any deficiency.

59. Cyan demands that such public improvement lien be foreclosed.

### Cause of Action #7
### Other Breaches of Contract

60. Cyan repeats and realleges all allegations in all previous paragraphs as if fully set forth herein.

61. Cyan obtained a lien bond from National regarding a lien by Power & Process regarding the same claim for which Power & Process made payment bond claim.

62. Shortly after Cyan obtained the lien bond, National paid Power & Process making the lien bond superfluous.

63. National had a duty to inform Cyan that the purchase of a lien bond was not required.

64. National has breached its contract and its obligations to Cyan generally.

65. As a result of National's breaches of the various contracts with Cyan, Cyan has been damaged in an amount to be determined at trial.

WHEREFORE, plaintiffs Cyan Contracting Corporation and Leonard O'Connor request the following judgment against National:

    a. Cause of Action 1: Damages, including punitive damages, in an amount to be proven at trial, but not less than $1 million dollars, for National's tortious interference with Cyan's contract with DASNY;

b. Cause of Action 2: Damages in an amount to be proven at trial, for National's breach of contract, in an amount not less than $1 million dollars;

c. Cause of Action 3: Damages in the sum of at least $366,000 plus interest for National's failure to pay Cyan;

d. Cause of Action 4: Damages in the sum of at least $107,500 for National's unreasonable settlement of the Power & Process bond claim;

e. Cause of Action 5:  Demand for an accounting;

f. Cause of Action 6:  Foreclosure on the April 27, 2007, public improvement lien in the amount of $66,000

g. Cause of Action 7:  Damages in a sum to be determined at trial for National's breaches of the various contracts with Cyan; and,

h. All court costs and other disbursements, interest on amounts owed, attorney fees, and all other damages the court deems just and proper.

Dated: November 28, 2007
     Long Island City, N.Y.

                                          KING & KING, LLP

                              By:     /s/ Karl silverberg
                                     Karl Silverberg, Esq.  (KS3075)

*Attorneys for Plaintiffs*
*Cyan Contracting Corporation and*
*Leonard O'Connor and Third-Party*
*Defendant Sandra O'Connor*

27-12 37th Avenue
Long Island City, N.Y. 11101
(718) 896-6554
Fax: (718) 275-5081
ksilverberg@king-king-law.com

## DEMAND FOR TRIAL BY JURY

    Plaintiffs Cyan Contracting Corporation and Leonard O'Connor hereby demand trial by jury in this matter.

Dated: November 28, 2007
       Long Island City, N.Y.

                                    KING & KING, LLP

                          By:    /s/ Karl silverberg
                                 Karl Silverberg, Esq.  (KS3075)

                                 *Attorneys for Plaintiffs*
                                 *Cyan Contracting Corporation and*
                                 *Leonard O'Connor and Third-Party*
                                 *Defendant Sandra O'Connor*

                                 27-12 37th Avenue
                                 Long Island City, N.Y. 11101
                                 (718) 896-6554
                                 Fax: (718) 275-5081
                                 ksilverberg@king-king-law.com

**AFFIRMATION OF SERVICE**

      I, Karl Silverberg, Esq., an attorney duly admitted to practice law before the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the foregoing is true and correct: On November 29, 2007, in the afternoon, I served a true copy of the within **Amended Complaint** for plaintiffs Cyan Contracting Corporation and Leonard O'Connor by depositing a true copy of same, postpaid, properly addressed wrapper, in an official depository of the United States Postal Service in New York State, and addressed to:

Scott Levin, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
88 Pine Street, 24th Floor
New York, NY 10005
*Attorney for Defendant*
*National Grange Mutual Insurance Company*


                                            /s/ Karl silverberg
                                            Karl J. Silverberg, Esq.

Civil Action No. 07-CIV-3749
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CYAN CONTRACTING CORPORATION
and LEONARD O'CONNOR

       Plaintiffs,

 - against -

NATIONAL GRANGE MUTUAL
INSURANCE COMPANY

       Defendant/Third Party Plaintiff,

 - against -

SANDRA O'CONNOR

       Third Party Defendant.

---

**AMENDED COMPLAINT**

---

LAW OFFICES
**KING & KING LLP**
27 - 12   Thirty-seventh  Avenue
Long Island City,  N.Y. 11101
718-896-6554
Fax 718-275-5081
e-mail: ksilverberg@king-king-law.com