MEMO ENDORSED 



# COZEN
## O'CONNOR
### ATTORNEYS



A PROFESSIONAL CORPORATION

16TH FLOOR   45 BROADWAY   NEW YORK, NY 10006-3792   212.509.9400   800.437.7040   212.509.9492 FAX   www.cozen.com

April 18, 2008



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/24/08

**Vincent P. Pozzuto**
Direct Phone 212.908.1284
Direct Fax   866.591.9124
vpozzuto@cozen.com

**VIA HAND DELIVERY**

Hon. Lewis A. Kaplan
United States District Judge
United States District Court for the Southern
   District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1310
New York, NY 10007

Re:   *Cyan Contracting Corp. v. National Grange Mutual Insur.*, No. 07-CV-3749

Dear Judge Kaplan:

    This firm represents TDX Construction Corporation ("TDX") and Gilbane Building Company ("Gilbane") in an action currently pending in New York Supreme Court, *Cyan Contracting Corporation v. The Dormitory Authority of the State of New York, et al.*, No. 603084/2007. The plaintiff in that case, Cyan Contracting Corp. ("Cyan"), is also the plaintiff in the above-referenced *Cyan Contracting Corp. v. National Grange Mutual Insur.*, No. 07-CV-3749, currently pending before this Court. Both cases stem from disputes involving the same series of construction projects.

    On April 14, 2008, our office received, by facsimile, two subpoenas issued on behalf of Cyan, commanding TDX and Gilbane each to appear for purposes of a deposition and to produce a substantial number of documents with respect to the *National Grange* case pending before the Court. The subpoenas, copies of which are attached hereto, request the appearance of our clients on April 23, 2008 and direct production of voluminous documents on or before April 25, 2008.

Hon. Lawrence F. Stengel
April 18, 2008
Page 2

---

For the reasons outlined below, we respectfully request that TDX and Gilbane be relieved from the obligation of complying with the subpoenas as issued.

First, we note that as reflected in the Civil Docket Sheet for this matter, the Court entered a Joint Scheduling Order on October 3, 2007, directing that discovery be completed by March 1, 2008. On January 30, 2008, the Court extended that deadline to May 1, 2008, and barred any additional or further extensions. Despite the fact that Cyan has had the benefit of approximately seven months and an extension in which to complete discovery, it has elected to transmit these subpoenas eighteen days before the Court-ordered discovery deadline and has provided our clients only eleven days in which to comply with them. We respectfully submit that given the scope of the documents requested and the time necessary to designate and prepare a witness for a deposition, such a time constraint is patently unreasonable.

Second, although this firm represents both TDX and Gilbane in the matter pending before the Supreme Court, we were never authorized to accept service of subpoenas on their behalf in connection with this case.

Finally, a decision is pending on our clients' motion to dismiss the Supreme Court action. In the event that this motion is denied, our clients would have priority of depositions in that matter. However, should TDX and Gilbane be required to comply with Cyan's subpoenas, that right would be effectively subverted, allowing Cyan to obtain substantial amounts of discovery with respect to its claims before TDX and Gilbane even have the opportunity to exercise this right.

Due to its time-sensitive nature, we are apprising the Court of this matter via hand-delivered letter. We respectfully request that the Court set a conference with respect to these issues as soon as scheduling permits. Additionally, we are in the process of preparing motion papers formally requesting the relief outlined in this letter. Unless otherwise advised by the Court, we shall file them as soon as they are completed.

Sincerely,

COZEN O'CONNOR

By: Vincent P. Pozzuto

Enclosures

cc: Karl Silverberg, Esq.

**MEMO ENDORSED**

Denied.

SO ORDERED,

LEWIS A. KAPLAN, U.S.D.J.

4/24/08