UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CYAN CONTRACTING CORPORATION, et ano.,

                Plaintiff,

        -against-                                      07 Civ. 3749 (LAK)

NATIONAL GRANGE MUTUAL INSURANCE COMPANY,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OPINION**

LEWIS A. KAPLAN, *District Judge.*

        This matter is before the Court on defendant's motion to vacate the judgment pursuant to Fed. R. Civ. P. 60(b). The pertinent facts may be stated briefly notwithstanding the roughly 1,000 pages of papers unnecessarily submitted on this motion

*Facts*

        On July 8, 2008, following the expiration of the discovery period, plaintiff Cyan Contracting Corporation ("Cyan") advised the Court that "the parties have reached a settlement in principle and have been exchanging drafts of their settlement documents to finalize the terms." On the following day, the Court endorsed Cyan's letter with an order stating that the case was "dismissed with prejudice and without costs subject to the right to reinstate by serving and filing a notice to that effect, on or before 9/8/08, if the settlement is not executed by then."

        Defendant National Grange Mutual Insurance Company ("National") took no issue with

2

Cyan's letter and raised no objection to the Court's endorsed order. The parties continued their efforts to finalize settlement documents. Indeed, on September 9, 2008, and again on September 23, 2008, counsel for National, in each case with Cyan's consent, sought extensions of the period for reinstatement, ultimately to and including October 1, 2008, which the Court granted. It perhaps bears mention that each request was made after expiration of the reinstatement period.

Following the final extension of the reinstatement deadline, the parties continued their discussions, but no agreement was reached by the October 1 deadline. Counsel for National again allowed the deadline to pass, but this time sought no further extension. Accordingly, the judgment of dismissal became final on October 1, 2008.

The parties continued to talk. But on November 10, 2008, counsel for Cyan advised the Court by letter, with a copy to National's counsel, that no settlement had been reached, and he accused National of having failed to negotiate in good faith. He asked that the Court dismiss the action with prejudice (which of course already had occurred).[1] The record discloses no response from National.

The parties continued intensive negotiations for some time. In late December 2008, however, Cyan ultimately refused to go forward. But National remained silent for weeks. It was not until January 27, 2009, that it filed the present motion.

*Discussion*

National now seeks vacatur of the judgment which it knowingly allowed to become final, essentially on the ground that it was too trusting in allowing the reinstatement period to expire

---

[1] Docket item 21.

without seeking an extension or reinstating the action. In the circumstances, several things are abundantly clear.

First, while the parties apparently believed that they had reached a settlement in principle, there is no evidence that either labored under the impression that a legally enforceable contract to settle existed. To the contrary, the evidence demonstrates the parties' mutual intention that the settlement was contingent upon the execution by both sides of a definitive written agreement, the terms of which had not all been agreed.

Second, National has no one but itself to blame for its present predicament. A careful practitioner would not have allowed the reinstatement period to expire without having a signed settlement agreement, no matter how sure the practitioner was that such agreement would be signed. This is all the more so because the parties well knew that there was no deal unless and until a written agreement was finalized – a fact evidenced by National's counsel twice seeking and obtaining extensions of the period in order to protect National against the risk that the agreement in principle would not produce a signed agreement.

Third, all recognize that errors sometimes are made, some of which are excusable. But National's counsel here was acutely aware of the deadline for reinstating the action. He twice sought its extension. He knowingly allowed it to lapse. He then received the November 10, 2008 letter from Cyan's counsel in which Cyan advised that no settlement had been reached, (unnecessarily) sought the entry of final judgment, and stated that he would oppose any attempt to reinstate the action. Yet National's counsel sought no relief with respect to the judgment that became final upon the expiration on October 1, 2008 of the extended reinstatement period until January 27, 2009.

In these circumstances, it well may be doubted that the Court has the power to vacate the judgment of dismissal. Attorney error rarely is a ground for relief under Rule 60(b)(1) and is a

4

ground under Rule 60(b)(6) only where the attorney's conduct is grossly negligent and extraordinary circumstances are present.[2]  But these fine points perhaps are not the ultimate drivers of the decision here.

Regardless of the proper characterization of the failure of National's counsel to protect his client at the point the failure first occurred, there quite plainly is no excuse for his failure to seek an extension or reinstatement between the expiration of the reinstatement period on October 1, 2008 and the filing of this motion in January 2009.  This is especially true for the period after November 10, 2008, at which point National was on notice that Cyan would oppose any belated attempt to reinstate the action.

That said, the Court turns to a consideration of National's motion under the standards of Rules 60(b)(1) and 60(b)(6).  Rule 60(b)(1) provides that a court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect."[3]  In *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*,[4] the Supreme Court held that "although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect,"[5] it is a somewhat "elastic concept" that may encompass situations in which the failure to comply with

---

[2] *See, e.g., Israel v. Carpenter,* 120 F.3d 361, 366 (2d Cir. 1997) (Rule 60(b)(1)); *United States v. Cirami,* 536 F.3d 736, 739-42 (2d Cir. 1976) (Rules 60(b)(1) and (6)).

[3] FED. R. CIV. P. 60(b)(1).

[4] 507 U.S. 380 (1993).

[5] *Id.* at 392.

5

a deadline is attributable to negligence.[6]  The "determination is at bottom an equitable one."[7]  Following *Pioneer*, the Second Circuit consistently has held that although it *may* find excusable neglect in such situations, "the failure to follow the clear dictates of a court rule will generally not constitute such excusable neglect."[8]  Indeed, the Second Circuit has noted that in such cases, "the equities will rarely if ever favor a party who 'fail[s] to follow'" a clear court rule.[9]

Here, the equities favor Cyan.  As already discussed, National knew that the parties had not finalized a settlement agreement and was aware of the deadline for reinstating the action. Moreover, National twice previously sought and received extensions of that deadline before allowing it to lapse for a third and final time without further application for an extension.  National then waited almost three months after Cyan (unnecessarily) sought entry of final judgment to file the instant motion. National offers no excuse for its failure to request a third extension of the deadline nor for its delay in filing this motion other than that it was too trusting, despite having twice previously requested such an extension.  National's failure thus does not constitute excusable neglect.

If the Court assumes for the purpose of discussion that National's counsel's conduct

---

[6] *Id.* at 392, 394.

Although in *Pioneer* the Supreme Court considered the term in the context of Bankruptcy Rule 9006(b)(1), courts since have applied the *Pioneer* analysis to Rule 60(b)(1). *See Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 365-66 (2d Cir. 2003); *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997); *see also FG Hemisphere Associates, LLC v. Democratic Republic of Congo*, 447 F.3d 835, 838 (D.C. Cir. 2006); *Stonkus v. City of Brockton Sch. Dep't*, 322 F.3d 97, 100-01 (1st Cir. 2003); *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997).

[7] *Pioneer*, 507 U.S. at 395.

[8] *Canfield*, 127 F.3d at 250; *see also Silivanch*, 333 F.3d at 366-67.

[9] *Silivanch*, 333 F.3d at 366 (quoting *Canfield*, 127 F.3d at 250-51) (alteration in original).

6

rose to the level of gross negligence rather than excusable neglect, then Rule 60(b)(6) would provide a more appropriate ground for relief.[10]  Under Rule 60(b)(6), a court may grant relief where justified "for any other reason"[11] not explicitly provided for in the rule.  It is well-established, however, that Rule 60(b)(6) relief is warranted only in "extraordinary circumstances" or in a case of "extreme hardship."[12]

As already discussed, the equities do not favor National.  Nor has National provided any indication that this is a case of extraordinary circumstances or extreme hardship.  Thus, even if National's counsel's actions were grossly negligent, relief under Rule 60(b)(6) would not be warranted.

*Conclusion*

For the foregoing reasons, National's motion to vacate the judgment [docket item 23] is denied.

SO ORDERED.

Dated:       June 16, 2009

---

[10] FED. R. CIV. P. 60(b)(6) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (6) any other reason that justifies relief.").

[11] *Id.*

[12] *Cirami*, 563 F.2d at 32 (citing *Ackerman v. United States*, 340 U.S. 193, 199 (1950) and *United States v. Karahalias*, 205 F.2d 331, 333 (2d Cir. 1953)); *Transaero, Inc. v. La Fuerza Area Boliviana*, 24 F.3d 457, 461 (2d Cir. 1994).

7

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)